IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JERMAINE ALEXANDER**
**RAMSEY #108263**                                                                      **PLAINTIFF**

**VS.**                                **CIVIL ACTION NO. 5:21-cv-00029-DCB-LGI**

**MANAGEMENT TRAINING**
**CORPORTATION, et al.**                                                               **DEFENDANTS**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Before the Court is the *Motion for Relief from a Judgment or Order under Rule 60(a)* [55], *Motion for Demand for Judgment Relief to be Granted* [56], and *Motion for Entry of Default Under Rule 55(a)-(b) [57]*, filed by Plaintiff Jermaine Ramsey on February 1, 2022. For the reasons set forth below, the undersigned recommends that the Motions [55], [56], and [57] be DENIED.

**I.     Motion for Relief from a Judgment or Order Under Rule 60(a)**

The Fifth Circuit has stated the standard for applying Rule 60(a) as follows:

In sum, the relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule. As long as the intentions of the parties are clearly defined and all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake, the modification will be allowed. If, on the other hand, cerebration or research into the law or planetary excursions into facts is required, Rule 60(a) will not be available to salvage the [party's] blunders. Let it be clearly understood that Rule 60(a) is not a perpetual right to apply different legal rules or different factual analyses to a case. It is only mindless and mechanistic mistakes, minor shifting of facts, and no new additional legal perambulations which are reachable through Rule 60(a).

*In re West Texas Mktg. Corp.*, 12 F.3d 497, 503-04 (5th Cir. 1994).

With regard to Rule 60(a), the Fifth Circuit has held that "[u]nder this rule the court may correct errors, created by mistake, oversight, or omission, that cause the record or judgment to fail

to reflect what was intended at the time of trial." *Warner v. City of Bay St. Louis*, 526 F.2d 1211, 1212 (5th Cir. 1976). Rule 60(a), however, may not be used to correct "errors that affect substantial rights of the parties." *Id.* Additionally, mistakes of law are not considered clerical mistakes, oversights, or omissions for the purposes of Rule 60(a). *See Matter of American Precision Vibrator Co.*, 863 F.2d 428, 431 (5th Cir. 1989).

In this case, Plaintiff is alleging mistakes of law, namely that the *Notice of Appearance* by Steven James Griffin on behalf of Defendants Phil Taylor, Scott Middlebrooks, Management Training & Corporation, and William Bonds [48], *Waiver of Service* [49], *Response to Court's [40] Order* [50], and the *Order Directing Plaintiff to Provide Additional Information to Identify Defendant Sgt. Unknown Hunt* [51] should be stricken. As Plaintiff seeks to have alleged mistakes of law corrected, the Court finds he is not entitled to relief under Rule 60(a) of the Federal Rules of Civil Procedure and, therefore, that his Motion for Relief from a Judgment or Order Under Rule 60(a) [55] must be denied.

**II.     Motion for Demand for Judgment Relief to be Granted**

The Court finds Plaintiff's *Motion for Demand for Judgment Relief to be Granted* [56] to be repetitive and frivolous. District Judge Bramlette previously denied Plaintiff's *Motion for Default Judgment*, explaining that:

> Even though the Court had issued a Notice of Lawsuit and Request to Waiver Service of Summons for the Defendants, see Order [40], on November 16, 2021, the Defendants had not filed a Waiver at the time Plaintiff filed his Motion [46] requesting default judgment on December 30, 2021. Because the Waivers had not been signed by the Defendants and there has not been service of summons on the Defendants, Plaintiff's Motion [46] requesting a default judgment is unwarranted and will be denied.

Doc. [52]. Plaintiff's request for judgment in his favor in the instant motion is likewise unwarranted because the properly served Defendants Phil Taylor, Scott Middlebrooks,

Management Training & Corporation, and William Bonds filed an *Answer and Defenses* on January 25, 2022, and the remaining Defendant Sgt. Vivica Hunt is unserved. See Doc. [50] and [53].

Substantively, the Court finds that Plaintiff has not demonstrated the existence of any of the grounds enumerated under Rules 1, 4(d)(1), 4(d)(a)(A), 5(d), 7(b)(1), or 54(d)(1) that would entitle him to relief. Plaintiff's reliance on these rules is misplaced, and the numerous rules of civil procedure that Plaintiff indiscriminately cites throughout his motion are inapplicable and offer no support to his request for relief. Plaintiff's *Motion for Demand for Judgment Relief to be Granted* [56] is without merit and must be denied.

### III.   Motion for Entry of Default Under Rule 55(a)-(b)

Plaintiff filed his first *Motion for Entry of Default* on December 30, 2021. On January 3, 2022, the Clerk of Court declined to enter default as requested by Plaintiff's Motion for Entry of Default [45] and [46]. The Clerk stated that:

> The Clerk declines to enter default as requested by plaintiff [45]. While the appropriate notice(s) under Rule 4(d) have been issued by this court [41], no actual waivers signed by the defendants have been filed. Nor has process been issued on the defendants. Therefore, defendants are not in default at this time.

*See* Clerk Entry dated January 3, 2022.

Before the Court is Plaintiff's *Second Motion for Entry of Default Under Rule 55(a)-(b)* [57]. Rule 55 sets forth a three-step process for securing a default judgment. See Fed. R. Civ. P. 55; s*ee also New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise." *See id*.; *see also New York Life Ins. Co*., 84 F.3d at 141. Third, a party

3

may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *see also New York Life Ins. Co.*, 84 F.3d at 141.

In this case, because all served defendants have appeared and timely answered the operative complaint, the prerequisites for entry of a default judgment have not been met, and entry of the same against any defendant is unwarranted under Rule 55(b). Moreover, "default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citation omitted). Accordingly, it is recommended that Plaintiff's *Motion for Entry of Default Under Rule 55(a)-(b)* [57] be denied.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the *Motion for Relief from a Judgment or Order Under Rule 60(a)* [55] be denied, that the *Motion for Demand for Judgment Relief to be Granted* [56] be denied, and that the *Motion for Entry of Default Under Rule 55(a)-(b)* [57] be denied.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party may serve and file written objections within fourteen (14) days after being served a copy of this recommendation, with a copy to the District Judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected, except

upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 24th day of May, 2022.

      /s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE