UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JERMAINE ALEXANDER RAMSEY**                                          **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 5:21-CV-0029-DCB-LGI**

**MANAGEMENT TRAINING & CORPORATION, et al.**            **DEFENDANT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court for a report and recommendation on the *Motion to Dismiss or, Alternatively, for Summary Judgment* [82] filed by Defendants Management & Training Corporation, Scott Middlebrooks, Phil Taylor, and William Bonds on June 9, 2022. Plaintiff Jermaine Alexander Ramsey filed a Response, titled *Opposed Motion for Motion to Dismiss or For Summary Judgment* [89] on June 26, 2022. On December 28, 2022, Plaintiff also filed his Rebuttal Reply to Defendants Motion (Doc #82) for Summary Judgment under Rule 56(e)(4) Fed. Civ. P. [113] and *Pro Se* Plaintiff's Proposed Motion for § 1915 (g), § 1915 (d), § 1997(e)(a) [115].[1] Defendants filed a Response [118] to Plaintiff's Rebuttal to Motion to Dismiss [113] and Motion [115]. Having considered the submissions, the record, and relevant law, the undersigned finds that the *Motion to Dismiss or, Alternatively, for Summary Judgment* [82] shall be GRANTED. The undersigned finds that Plaintiff failed to exhaust the administrative grievance procedure at the Wilkinson County Correctional Facility before filing this case.

**I.  Relevant Procedural History**

Plaintiff Jermaine Alexander Ramsey ("Plaintiff") is an inmate serving a life sentence in the custody of Mississippi Department of Corrections ("MDOC"). He is currently housed at East

---

[1] This Court liberally construes Plaintiff's "Rebuttal Reply" [113] and Motion [115] as supplemental filings to his Response in Opposition [89] to Defendants' *Motion to Dismiss or, Alternatively, for Summary Judgment* [82].

Mississippi Correctional Facility in Meridian, Mississippi. Plaintiff brought the instant case, *pro se* and *in forma pauperis*, using a form available to inmates for filing complaints for violations of civil rights, pursuant to 42 U.S.C. § 1983. On March 15, 2021, Plaintiff filed suit against Defendants Management & Training Corporation ("MTC"), Scott Middlebrooks, Phil Taylor, William Bonds, and Vivica Hunt, wherein he alleged violation of his constitutional rights while he was incarcerated at Wilkinson County Correctional Facility ("WCCF"). *See* Doc. [1]. Vivica Hunt was dismissed from the action on October 13, 2022, after the Court granted the Plaintiff's motions to voluntarily dismiss Defendant Hunt. *See* Order, Doc. [96]; *see also* Plaintiff's Motions, Docs. [90] – [94].

Plaintiff alleges he was the subject of an assault by MTC employees, around January 12, 2021. *Id*. Plaintiff asserts the assault occurred after he requested Inmate Legal Assistance Program ("ILAP") assistance to file motions in a separate case against other MTC employees.[2] *Id*. During the alleged assault, Plaintiff asserts his hand was smashed with a metal bar that caused "swelling, bruises, and cuts." *Id*. Plaintiff also alleges he was handcuffed for over twenty-four hours. *Id*. While Plaintiff seeks to hold accountable each employee that was directly involved in the alleged assault, Plaintiff also seeks to hold Defendant Middlebrooks accountable for failing to train and supervise. *Id*. As relief, Plaintiff seeks $50,000 in compensatory damages and $15,000 in punitive damages from *each* active MTC employee personally involved in the alleged assault. *Id*.

In the instant *Motion* [82], Defendants argue they are entitled to dismissal or, alternatively, summary judgment, because Plaintiff failed to exhaust WCCF's administrative grievance procedure before filing this case. Defendant also moves this Court to revoke Plaintiff's status to

---

[2] In the complaint, Plaintiff noted Case No. "5:20-CV-170-DCB-MTP" as the pending lawsuit for which he sought ILAP assistance. ECF indicates this case has since been closed.

2

proceed *in forma pauperis* hereafter, pursuant to 28 U.S.C. § 1915(g) (the "three strikes rule"), and they ask this Court to consider additional sanctions.

## STANDARD

### I.  Summary Judgment

"[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted). A genuine issue of material fact exists where a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). When ruling on a motion for summary judgment, the court must construe the facts and evidence in the light most favorable to the nonmoving party. *Ford, Bacon & Davis, LLC v. Travelers Ins. Co.*, 635 F.3d 734, 736 (5th Cir. 2011) (citing *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir.2010)).

If the moving party meets its burden, the "nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Indeed, "[t]he nonmoving party cannot rely on metaphysical doubt, conclusive allegations, or unsubstantiated assertions but instead must show that there is an actual controversy warranting trial." *Blanks v. Claiborne*, 2014 WL 1236005, at *2 (S.D. Miss. Mar. 25, 2014) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

3

## II.   The Exhaustion Requirement

Exhaustion is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Therefore, the burden rests upon Defendants to demonstrate Plaintiff failed to exhaust his available administrative remedies prior to filing the instant suit so as to warrant summary judgment in their favor. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). Under the Prison Litigation Reform Act ("PLRA"), Plaintiff's claim must be dismissed if he has failed to exhaust available administrative remedies before filing suit. *See* 42 U.S.C. § 1997e(a).

"Proper exhaustion is determined by reference to the state grievance procedures." *Patterson v. Stanley*, 547 F. App'x 510, 511 (5th Cir. 2013) (citing *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Pursuant to Mississippi Code Annotated § 47-5-801, MDOC has established a two-step Administrative Remedy Program ("ARP") that prisoners must exhaust prior to filing suit under the PLRA. *Carroll v. Lee*, 2017 WL 2704121, at *3 (N.D. Miss. June 22, 2017). "The two-step ARP process begins when an inmate first submits his grievance in writing to the prison's legal claims adjudicator within thirty days of the incident."  If the inmate is dissatisfied with the response, "he may continue to the Second Step by completing an appropriate ARP form and sending it to the legal claims adjudicator." *Id.* (citing *Howard v. Epps*, 2013 WL 2367880, at *2 (S.D. Miss. May 29, 2013)).[3] "If the inmate is unsatisfied with that response, he may file suit in state or federal court." *Id.*

---

[3] The ARP process is set forth in the MDOC Inmate Handbook, which is available at http://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_VIII.pdf. The Court may take judicial notice of MDOC's Inmate Handbook. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see, e.g.*, *Smith v. Polk Cty., Fla.*, 2005 WL 1309910, at *3 (M.D. Fla. May 31, 2005) (taking judicial notice of inmate handbook and grievance procedures stated therein).

**ANALYSIS**

**I. Exhaustion of Available Administrative Remedies**

Before filing the instant suit, Plaintiff filed his first grievance through the ARP, and he admitted the grievance was rejected. *See* Doc. [1] at 8. Plaintiff also asserted that the grievance process was completed upon rejection. *Id*. While Defendants agree that Plaintiff's initial grievance was rejected, the parties' homogeny ends as to whether the ARP process was completed. Plaintiff contends he has "competent evidence" to defeat the Defendants' motion for summary judgment. Doc. [115] at 2.

This Court finds Defendants have put on evidence through the affidavit of Janice Williams, the ARP Coordinator at WCCF, that the first grievance was rejected because Plaintiff's grievance sought relief in the form of monetary damages, which is a relief beyond the power of the ARP to grant. *See* Doc. [82-1] at 2. Pursuant to MDOC policy, Plaintiff had five days to resubmit a corrected grievance. *Id*. Had Plaintiff done so, the corrected grievance would have been accepted into the ARP process and sent to the appropriate official for a first step response. *Id*. For example, a corrected grievance could have sought an investigation into the alleged assault or Plaintiff could have pursued necessary medical assistance. *Id*. But it appears that Plaintiff never submitted a corrected grievance.[4] *Id*. Plaintiff's failure to resubmit a corrected grievance resulted in the closing of his grievance and fell short of satisfying the necessary two-step ARP process before filing the instant suit.

Plaintiff disagrees with this failure and asserts that he was misled as to "any required role regarding five days to appeal any rejected ARP grievance." *See* Doc. [89] at 1. Although Congress has statutorily mandated exhaustion, the statute itself provides an exception. Under § 1997e(a), the

---

[4] Defendants cite to "Exhibit 1" within Janice Williams' affidavit. This exhibit is the alleged completed file for Plaintiff's grievance, labeled WCCF-21-137. The exhibit was not attached to the affidavit.

5

exhaustion requirement hinges on the "availab[ility]" of administrative remedies. "Inmates are required to exhaust the remedies that are available to them, but there is no exhaustion requirement where the remedies are unavailable." *Ross v. Blake*, 578 U.S. 632, 642 (2016). An administrative remedy may be unavailable where prison officials are unable or unwilling to provide relief; where the scheme is "so opaque that it becomes, practically speaking, incapable of use" by an ordinary inmate, or "prison administrators 'thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Brantner v. Freestone Cnty Sheriff's Office*, 776 F. App'x 829, 833 (5th Cir. 2019) (quoting *Ross*, 578 U.S. at 642-43). The resolution of whether the process is "available" may turn on questions of fact. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). Even though the Fifth Circuit requires "strict compliance" with a facility's grievance process, it has "long recognized the importance of ensuring that inmates have avenues for discovering the procedural rules governing their grievances . . . ." *Id*. at 268.

Plaintiff attached Defendants' "Exhibit B" (Doc. [82-2]) and drew the Court's attention to Lines 112 and 113 to support his contention. *See* Doc. [89] at 1. "Exhibit B" contains the grievance procedure provided by MDOC, commonly referenced as SOP No. 20-08-01. Plaintiff appears to have used a permanent marker and struck through Lines 112 and 113, rendering them completely illegible. *See* Doc. [89] at 8. Fortunately, Defendants' "Exhibit B," provides the Court with an unredacted view of Lines 112 and 113, which reads:

> "If an offender refuses to cooperate with the inquiry into his allegation, the request may be denied by noting the lack of cooperation on the appropriate Step Response and returning it to the offender. The ARP Director or His / Her designee will screen all requests prior to the assignment to the First Step."

Doc. [82-2] at 3. Plaintiff alleges this text is "[c]ontrary to Exhibit A at 9 regarding 5 days to resubmit corrected grievance after any rejection." Doc. [89] at 8.

6

The undersigned finds no discussion of the five-day requirement as alleged by Plaintiff in "Exhibit A." *See* Doc. [89] at 6. Because Plaintiff was served with Defendants' motion and the relevant exhibits cited above, it is worth noting that Plaintiff had access to the entirety of "Exhibit B," before filing his response, which lays out the grievance procedures. Plaintiff is further assumed to have received the ARP process instructions from the MDOC's Inmate Handbook and the WCCF Inmate Handbook. Indeed, each MDOC inmate receives a copy of the MDOC Inmate Handbook during confinement in MDOC custody. Doc. [82-1] at 1. Inmates receive the WCCF Inmate Handbook upon their arrival at WCCF. *Id*.

Turning to the grievance procedure guidelines, lines 150-154 explicitly describe the five-day window in which Plaintiff had to resubmit a corrected grievance for First Step consideration. Doc. [82-2] at 4. Such explicit detail is far from the "opaque" that may render the process unavailable. *See Ross*, 578 U.S. at 643-44. Continuing further, lines 200-207 explain the Second Step process, which is required to be exhausted before an individual may file suit in court. *Id*. at 5. Thus, it is rather apparent that Plaintiff had access to records that explicitly detail the five-day process of resubmitting a corrected grievance. It is unreasonable to characterize conspicuous, unambiguous language as misleading.

This is not the first time Plaintiff has failed to follow the guidelines that he now claims are misleading. Previously, Plaintiff filed a grievance regarding excessive use of force, a denial of medical care, and a denial of legal assistance wherein he sought "monetary relief in the amounts of $250,000 for compensatory damages and $15,000 in punitive damages." *Ramsey v. Mgmt. Training & Corp*., 2021 WL 5741486, at *1 (S.D. Miss. Nov. 8, 2021). Like Plaintiff's ARP request in the instant case, his previous grievances were denied for being beyond the power of the ARP to grant. "Instead of completing the second step of the two-part ARP process by submitting

7

a corrected grievance, Plaintiff proceeded directly to this Court and filed suit ….” *Id*. Unsurprisingly, Plaintiff's previous case was dismissed for failing to exhaust administrative remedies. *Id*. at *3. The facts from these two instances are almost indistinguishable. Plaintiff again sought relief through the ARP beyond the power of the ARP to grant. Plaintiff did not submit a corrected grievance, nor did he proceed with completion of Step Two before filing the instant suit. It is clear that Plaintiff failed to exhaust the administrative remedies available to him.

"Exhaustion is no longer left to the discretion of the district court but is mandatory." *Woodford*, 548 U.S. at 84. "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Id*. at 93 (internal citations omitted). Accordingly, proper exhaustion is required. An inmate cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id*. at 83-84.

When viewing the evidence in the light most favorable to the non-moving party, the undersigned concludes that there is no genuine issue of material fact as to whether the Plaintiff exhausted his administrative remedies for the excessive force claim that is the subject of this lawsuit. The undisputed facts present no triable issue, because Plaintiff has failed to present admissible evidence establishing that he completed the administrative grievance process before filing the instant lawsuit. According to the undisputed summary judgment record, Plaintiff did not file a corrected grievance to initiate the completion of the Two-Step Process before filing this lawsuit. Dismissal of Plaintiff's suit is therefore mandatory pursuant to 42 U.S.C. § 1997e(a).

## II. Revocation of IFP Status

Defendant further requests this Court revoke Plaintiff's IFP status pursuant to the "three strikes rule" in 28 U.S.C. § 1915(g). The statute provides:

> "(g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g). In his supplemental filing [115], Plaintiff argues he "is an exception to the statute and/or the plain language of this '3 strike' rule . . . in the instant case as Plaintiff has previously provided unto this court affidavits and/or examples of his imminent danger threat of serious bodily harm or injury" . . . and therefore he "meets the exception [under] § 1915(g)." Doc. [115] at 1. Defendants refute the assertion that Plaintiff fits into the "imminent danger" exception. They contend the Plaintiff has failed to meet his burden of establishing the existence of an imminent danger at the time of filing his lawsuit, and therefore his IFP status should be revoked. Doc [118] at 2-3.

It is true that Plaintiff accumulated *two* strikes prior to the filing of the instant case. *See Ramsey v. Morris*, 2019 WL 2232481, at *3 (N.D. Miss. May 23, 2019); *Ramsey v. Mgmt. Training & Corp.*, 2019 WL 1030533, at *3 (N.D. Miss. Mar. 4, 2019). In addition, the Fifth Circuit issued Plaintiff's *third* strike on December 3, 2021. *See Ramsey v. Mgmt. Training & Corp.*, 2021 WL 5768109, at *1 (5th Cir. Dec. 3, 2021). But Plaintiff's initial complaint in this case was filed on March 15, 2021. In a previous suit involving Plaintiff on this very matter, Judge Bramlette adopted Judge Ho's temporal analysis of § 1915(g) when determining the revocation of a party's IFP status. Judge Ho explained:

> "The statutory text states that courts must count findings of frivolousness 'prior' to 'a prisoner bring[ing] a civil action or appeal,' 28 U.S.C. § 1915(g). ... Imagine the following situation: A prisoner has accrued two strikes. He files a new lawsuit and seeks IFP status. He subsequently receives a third strike in a previously filed action or appeal. Would that third strike result in a denial of IFP status in the new pending lawsuit? No: The third strike would be an 'occasion' under the statute – but not one 'prior' to the 'prisoner bring[ing] a civil action or appeal.' 28 U.S.C. § 1915(g)."

*Alexander v. Texas Dep't of Crim. Just.*, 951 F.3d 236, 246 (5th Cir. 2020) (Ho, J., concurring). The undersigned finds this analysis persuasive here. Plaintiff received his third strike *after* filing the complaint in this action. The hypothetical Judge Ho used in *Alexander* fits the facts of this case identically. Since the Fifth Circuit has already barred Plaintiff from proceeding IFP in cases subsequently filed after December 3, 2021, the undersigned finds Defendant's request without merit, since Plaintiff filed the instant case on March 15, 2021. Plaintiff's IFP status remains in place in *this* matter.

**III. Sanctions**

Plaintiff has repeatedly filed lawsuits that have been dismissed as vexatious and frivolous.[5] In the instant case, Plaintiff admitted to having filed previous lawsuits relating to the conditions of his confinement. *See* Doc. [1] at 10. To be sure, Plaintiff made mention of *one* previous suit. Yet Plaintiff has filed numerous suits through the court system. As previously analogized, one of those lawsuits, identical to the issue in this case, concerned the denial of an ARP claim for seeking monetary damages and was dismissed because Plaintiff failed to exhaust administrative remedies.

---

[5] *See Ramsey v. Mgmt. Training & Corp.*, 2022 WL 2679441, at *1 (S.D. Miss. July 11, 2022) (noting Plaintiff's "pattern of frivolous filings" in that lawsuit with a warning of sanctions if further frivolity ensued); *Ramsey v. Mgmt. Training & Corp.*, 2021 WL 6618491, at *1 (S.D. Miss. Dec. 16, 2021) (denial of Plaintiff's motions and held them to be repetitive and frivolous); *Ramsey v. Mgmt. Training & Corp.*, 2021 WL 5768109, at *1 (5th Cir. Dec. 3, 2021) (Plaintiff failed to comply with show cause order to address submissions of false and misleading documentation, and the court held Plaintiff violated his *third* strike with a warning that filing future frivolous suits may warrant sanctions); *Ramsey v. Mgmt. Training & Corp.*, 2021 WL 4527875, at *2 (N.D. Miss. Oct. 4, 2021) (dismissing Plaintiff's case with prejudice as vexatious); *Ramsey v. Morris*, 2019 WL 2232481, at *3 (N.D. Miss. May 23, 2019) (dismissed with prejudice as vexatious and counted as Plaintiff' *second* "strike"); *Ramsey v. Mgmt. Training & Corp.*, 2019 WL 1030533, at *3 (N.D. Miss. Mar. 4, 2019) (dismissal for failure to state a claim upon which relief may be granted and counted as Plaintiff's *first* "strike").

10

*See Ramsey,* WL 5741486, at *1. False statements made by prisoners in their pleadings can result in sanctions against them, including dismissal with or without prejudice. *Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000). Dismissal with prejudice may be warranted in instances where a party continues to exhibit deceptive behavior towards the Court and presents falsified information regarding his litigation history.

Here, Plaintiff has been repeatedly warned that he may be subject to monetary sanctions for continuing to file repetitive frivolous suits. *See Ramsey v. Mgmt. Training & Corp.*, 2022 WL 2679441, at *1 (S.D. Miss. July 11, 2022); *Ramsey v. Mgmt. Training & Corp.*, 2021 WL 5768109, at *1 (5th Cir. Dec. 3, 2021); *Ramsey v. Morris*, 2019 WL 2232481, at *3 (N.D. Miss. May 23, 2019). It appears such warnings have not deterred Plaintiff's vexatious conduct. In light of this, the undersigned finds the award of monetary sanctions appropriate. *See Walker v. Hunt*, 2019 WL 2569556, at *1 (S.D. Miss. June 21, 2019) (awarding monetary sanctions against IFP inmate for failure to heed prior warnings to resist filing repetitive complaints); *see also Annamalai v. Sivanadiyan*, 713 F. App'x 409, 411, (5th Cir. 2018) (affirming monetary damages for filing a deluge of meritless claims and imposing additional sanctions for frivolous appeal). In light of Plaintiff's vexatious conduct, the undersigned recommends that Plaintiff be assessed a monetary sanction in the amount of $50.00.

## RECOMMENDATION

The *Motion to Dismiss or, Alternatively, for Summary Judgment* [82] of Defendants Management & Training Corporation, Scott Middlebrooks, Phil Taylor, and William Bonds should be GRANTED and this case should be DISMISSED with prejudice. It is further recommended that Plaintiff be assessed a monetary sanction in the amount of $50.00 for his failure to heed numerous warnings to resist filing repetitive, frivolous lawsuits.

## **NOTICE OF RIGHT TO OBJECT**

In accordance with Local Uniform Civil Rule 72(a)(3) and 28 U.S.C. § 636(b)(1), any party may serve and file written objections to the proposed findings and recommendations within fourteen days after being served a copy of this recommendation. The District Judge at that time may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this Report and Recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected, except under grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections.

SO ORDERED this the 5th day of January, 2023.

       /s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE